McKinney, J.,
delivered the opinion of the court.
This was an action of ejectment, in the circuit court of Henderson. On the trial, the defendant, Douglass, for the purpose of establishing a champertous agreement between the lessor of the plaintiff and one C. M. Harman, (who was security for the costs of the suit,) in pursuance of which, it was alleged, the suit was commenced and prosecuted, called said Harman as a witness, and proposed to prove by him, an agreement entered into, at the time of bringing the suit, between said witness and the lessor of the plaintiff; to the effect, that, if the land were recovered, the witness was to have a certain part thereof, in consideration of his becoming security for the prosecution of the suit; but, in the event the suit were lost, the witness was to pay the costs himself, and bear the loss, without recourse on the lessor of the plaintiff.
The circuit judge ruled, that the witness was not bound to *394 answer any question in relation to the matter of champerty proposed to be proved. And this is assigned as error.
By the common law, or rather, perhaps, by ancient statutory enactments, which became incorporated into the common law, long before the 32 Henry 8th, ch. 9, champerty was known and recognized as an offence, falling within that numerous class, denominated offences against public justice, and was punishable by fine and imprisonment; and so was the offence of maintainance. 4 Bl. Com. 135; 1 Hawk. Pl. C. 255, 257.
Unless, then, in the provisions, or policy of our law, something can be found incompatible with the common law, in this respect, — and we are not aware that there is, — the decision of the circuit judge was unquestionably correct. It is very clear, that nothing in the act of 1821, ch. 66, can, by implication, be construed as intended to divest champerty of the character of a misdemeanor. It is not allowable to presume, that the legislature intended to exempt from criminal punishment, an evil, to the commission of which such numerous and strong temptations, would constantly be presented, and which strikes so directly at the purity of the administration of justice.
The act of 1821, merely affects the validity of the cham-pertous agreement, and requires the suit, tainted with cham-perty, to be dismissed. It inflicts no penalty, except upon a certain class of persons, namely, “attorneys,” who, when guilty thereof, are to be adjudged disqualified to practice law in any of the courts of this State for the period of five years.
We hold it to be clear, then, that champerty, by our law, is an indictable offence. And it is equally clear, therefore, that the witness was not bound to answer any question, the tendency of which, if voluntarily answered, would have been to expose him to punishment oí any kind, or which might have been used against him in a prosecution for the offence.
It is admitted by the counsel for the plaintiff in error, that by the general rule of law, a witness is not bound to answer *395 as to any matter which might tend to expose him to a criminal charge, or penal liability, or punishment of any kind. But it is supposed that the act of 1821, ch. 66, has introduced a different rule, so far as respects champerty; because the parties implicated therein are, by the express provision of the statute, compelled to disclose, touching champerty, in answer to a bill of discovery, or to interrogatories filed in the cause.
It is true, by force of the statute, this may be done. This is an innovation upon the common law, dictated by the necessity of preserving pure and uncorrupted the fair, impartial administration of justice. But this compulsory disclosure, which may be extorted in the case of champerty, and likewise in case of usury, can only be obtained in a proceeding under the statute, and must necessarily be restricted to the parties implicated in such proceeding, and likewise to the purposes of the particular case in which it is forced.
It is clear, that the admission of the party, under constraint of the statute, could not be given in evidence against him in a criminal prosecution; the legal compulsion under which it was made, would be an insuperable objection to its admission in support of an indictment. Rex vs. Britton, 1 M. & Rob. 297; 1 Mood. Cr. Cas. 203.
It is certainly true, as argued, that champerty may be established in other modes than by the answer of the party to a bill of discovery, or to interrogatories, as prescribed by the statute.
For the purpose of dismissing the suit, all that is essential is, the establishment of the fact of champerty; and this may unquestionably be done by proof of the voluntary declaration of the party, or the testimony of third persons having knowledge of the matter. But it is too clear to admit of discussion, that the parties to the champertous agreement, whether parties to the suit or not, can be compelled to make no disclosure, except by force of the statute, and in one or other of *396 the ways therein pointed out; when sought to be interrogated as witnesses, on the trial of a cause affected with champerty, they are entitled to the privilege secured to all witnesses — to be excused from criminating themselves.
Teere is no error in the record, and the judgment will be affirmed.